

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX 304-347-5104

FILED
DEC 10 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

November 19, 2015

Diana L. Johnson, Esq.
Bowles Rice LLP
600 Quarrier Street
Charleston, WV 25301

Re: United States v. Bobby D. Blankenship
Criminal No. 2:15-cr-00169 (USDC SDWV)

2:15-0024/

Dear Ms. Johnson:

This will confirm our conversations with regard to your client, Bobby D. Blankenship (hereinafter "Mr. Blankenship"). As a result of these conversations, it is agreed by and between the United States and Mr. Blankenship as follows:

1. **PENDING CHARGES.** Mr. Blankenship is charged in a three-count indictment as follows: Counts One through Three charge Mr. Blankenship with violations of 18 U.S.C. §§ 922(d)(1) and 924(a)(2) (transferring firearms to a prohibited person).

2. **CHARGING AGREEMENT.** Mr. Blankenship agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

3. **RESOLUTION OF CHARGES.** Mr. Blankenship will plead guilty to a violation of 18 U.S.C. §§ 2 and 924(a)(1)(A) (aiding and abetting a straw purchase) as charged in said information. Following final disposition, the United States will move the Court to dismiss Counts One, Two, and Three in Criminal No. 2:15-cr-00169 as to Mr.

_____
Defendant's
Initials

Blankenship.

4. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Blankenship will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of 5 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of three years;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

5. **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Blankenship will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Blankenship will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Blankenship fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Blankenship.

6. **PAYMENT OF MONETARY PENALTIES.** Mr. Blankenship agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any

_BB_
Defendant's
Initials

restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Blankenship further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

7. **COOPERATION.** Mr. Blankenship will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Blankenship may have counsel present except when appearing before a grand jury. Further, Mr. Blankenship agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Blankenship, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Blankenship for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Blankenship for perjury or false statement if such a situation should occur pursuant to this agreement.

_BB_
Defendant's Initials

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Blankenship stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Blankenship agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried on any of the charges in the indictment or information, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Blankenship or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Blankenship knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Blankenship understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Blankenship agree that the following provisions of the United States Sentencing Guidelines apply to this case.

<u>USSG §2K2.1</u>

Base offense level                                              14

The United States and Mr. Blankenship reserve the right to address the applicability of any specific offense characteristics

_____
Defendant's
Initials

at sentencing. The United States and Mr. Blankenship further acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Blankenship knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Blankenship also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Blankenship knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any

_BB_
Defendant's Initials

limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Blankenship;

(f) Advise the Court concerning the nature and extent of Mr. Blankenship's cooperation; and

(g) Address the Court regarding the issue of Mr. Blankenship's acceptance of responsibility.

15. **VOIDING OF AGREEMENT.** If either the United States or Mr. Blankenship violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Blankenship in this matter. There are no agreements, understandings or recommendations as to any other pending or future

_BB_
Defendant's Initials

charges against Mr. Blankenship in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

>R. BOOTH GOODWIN II
>United States Attorney

By: *Jennifer Rada Herrald*

>Jennifer Rada Herrald
>Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this seven-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement.  I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

_____          Nov 30 2015
Bobby D. Blankenship                   Date Signed
Defendant

_____          Nov. 30, 2015
Diana L. Johnson, Esq.                 Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.     CRIMINAL NO. _____

                                                                 18 U.S.C. § 924(a)(1)(A)
                                                                 18 U.S.C. § 2

**BOBBY D. BLANKENSHIP**

# INFORMATION

The United States Attorney Charges:

On or about September 1, 2012, at or near Logan, Logan County, West Virginia, and within the Southern District of West Virginia, a known individual (hereinafter "B.T."), aided and abetted by defendant BOBBY D. BLANKENSHIP, knowingly made a false statement and representation to Big Eagle Gun & Pawn III, a dealer licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Big Eagle Gun & Pawn III, in that B.T., aided and abetted by defendant BOBBY D. BLANKENSHIP, falsely represented on ATF Form 4473 that the B.T. was the transferee of a firearm, that is, a Glock 10mm pistol, when the true transferee of the firearm was a different known individual (hereinafter "T.T.") who defendant knew would not pass the

PLEA AGREEMENT EXHIBIT A

required background check.  After T.T. filled out the Form 4473 using the B.T.'s name and information, defendant BOBBY D. BLANKENSHIP had B.T. sign the form even though he knew that the B.T. was not the true transferee.  Defendant BOBBY D. BLANKENSHIP had B.T. sign the Form 4473 because he knew T.T. would fail the background check and the sale of the firearm would be denied.

In violation of Title 18, United States Code, Sections 2 and 924(a)(1)(A).

>                    UNITED STATES OF AMERICA
>
>                    R. BOOTH GOODWIN II
>                    United States Attorney
>
>
> By:    _____
>                    JENNIFER RADA HERRALD
>                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON


**UNITED STATES OF AMERICA**


v.                                          CRIMINAL NO. _____


**BOBBY D. BLANKENSHIP**


### STIPULATION OF FACTS

The United States and Bobby D. Blankenship stipulate and agree that the facts comprising the offense of conviction (Count One in the Information in the Southern District of West Virginia) include the following:

On September 1, 2012, at or near Logan, Logan County, West Virginia, and within the Southern District of West Virginia, defendant Bobby D. Blankenship knowingly aided and abetted another individual (hereinafter "B.T.") in knowingly making a false statement on Department of Justice ATF Form 4473 during the sale of a firearm at Big Eagle Gun & Pawn III, which at the time was a federally licensed firearms dealer. Form 4473 is a form required by the provisions of Chapter 44, Title 18, United States Code, to be kept in the records of Big Eagle Gun & Pawn III. On September 1, 2012, Mr. Blankenship was employed by Big Eagle Gun & Pawn III. On that date, B.T. signed a Form 4473, which falsely stated that B.T. was the transferee of a firearm, that is, a Glock 10mm pistol. However, Section A of that form was completed by the true transferee of the firearm, Terry Tomblin, a person Mr. Blankenship knew or had reason to believe was prohibited from possessing firearms. Mr. Blankenship aided and abetted the false statement on Form 4473 by having B.T. sign the Form 4473 instead of Terry Tomblin. Mr. Blankenship had B.T. sign the form because he knew Terry Tomblin would not pass the background check and the sale would be denied. Mr.

<span style="text-align:right">_BB_<br>Defendant's Initials</span>

PLEA AGREEMENT EXHIBIT B

Blankenship also signed and submitted the form knowing that it falsely identified the transferee of the firearm as B.T.

This Stipulation of Facts does not contain each and every fact known to Mr. Blankenship and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____  Nov 30 2015
Bobby D. Blankeship         Date
Defendant

_____  Nov. 30, 2015
Diana L. Johnson, Esq.      Date
Counsel for Defendant

_____  11-30-15
Jennifer Rada Herrald       Date
Assistant United States Attorney

_____
BB
Defendant's Initials

**PLEA AGREEMENT EXHIBIT B**

2