IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                          Docket No: 2:15-cr-00241-001

BOBBY D. BLANKENSHIP

### DEFENDANT'S SENTENCING MEMORANDUM

For his sentencing memorandum, the Defendant BOBBY D. BLANKENSHIP ("Mr. Blankenship") submits the following:

### I. INTRODUCTION

Mr. Blankenship has agreed to plead guilty to a single-count Information, which charges him under 18 U.S.C. §§ 2 and 924(a)(1)(A) for aiding and abetting a false representation on an ATF Form.

Mr. Blankenship is a fifty-six year old, life-long resident of Logan County, West Virginia. Mr. Blankenship avers that he has no prior criminal history, has substantial health problems, no history of substance abuse, and most importantly, has clearly demonstrated an acceptance of responsibility. For the foregoing reasons, which are more fully discussed below, Mr. Blankenship respectfully requests a downward departure and/or variance from the applicable sentencing guidelines.

### II. THE GUIDELINES

For purposes of the plea agreement, the government and Mr. Blankenship's counsel agree that the base offense level under the United States Sentencing Guidelines ("USSG") is 14. The USSG provide for a four-level increase for possession of between 8 and 24

firearms. Because Mr. Blankenship is accountable for 9 firearms (as described in the probation officer's presentence report), there is a four-level increase. U.S.S.G. § 2K2.1(b)(1)(B). This adjustment results in an adjusted offense level of 18.

The adjusted offense level, however, is further adjusted to account for acceptance of responsibility. Mr. Blankenship has clearly demonstrated acceptance of responsibility for the offense. As such, the offense level is adjusted downward by two levels per U.S.S.G. § 3E1.1(a). In addition, Mr. Blankenship has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of the intention to enter a plea agreement. The offense level, consequently, is reduced by one additional level per U.S.S.G. § 3E1.1(b). The offense level, having been properly adjusted, is 15.[1]

### III. THE SENTENCING FACTORS

The factors identified in 18 U.S.C. § 3553(a) militate in favor of a downward departure and/or variance. In particular, Mr. Blankenship's characteristics, the nature and circumstances of the offense, and the unmitigated effectiveness of a reduced sentence warrant such a downward departure and/or variance.

#### A. Mr. Blankenship's Characteristics Merit a Reduced Sentence.

Mr. Blankenship is fifty-six years old and suffers from poor health. Mr. Blankenship's health problems include Chronic Obstructive Pulmonary Disease, heart problems, chronic back pain, high blood pressure, high cholesterol, and an enlarged prostate.

Mr. Blankenship's chronic back pain is a result of one herniated and two bulged discs in the spine. The spinal issues are a result of years of heavy lifting in the course of his employment. In the past, Plaintiff has been hospitalized due to severe back pain.

---

[1] *See* Presentence Investigation Report at 13.

Somewhat recently, Mr. Blankenship was diagnosed with COPD. Around the same time period, Mr. Blankenship started to experience heart complications. On two separate occasions Mr. Blankenship had to have surgery to place a total of three stints in his heart. While Mr. Blankenship has substantial physical health problems, he has no history of mental or emotional problems. While prison facilities are certainly suited to tend to his extensive medical needs, the likeliness of exacerbating Mr. Blankenship's extensive health problems is a lingering matter of concern. As such, Mr. Blankenship respectfully asks that this Court take Mr. Blankenship's health concerns into consideration when making its determination.

In addition to Mr. Blankenship's health concerns, Counsel wishes to shed light on Mr. Blankenship's employment history and potential ramifications thereto. As a result of the conduct being prosecuted here, Mr. Blankenship is now without employment. Mr. Blankenship had been employed at Uncle Sam's Loans in Mann, West Virginia prior to 1985. Mr. Blankenship was subsequently employed by Big Eagle Gun & Pawn from 1985 to October 2015. For a period between 1997 and 1998, Mr. Blankenship was working at both establishments.

In spite of the immediate proceedings, Mr. Blankenship has still sought out gainful employment. Mr. Blankenship currently has a pending application for employment at the Hatfield & McCoy Trail. Plaintiff has, until now, maintained consistent employment, and even in light of the immediate proceedings, has demonstrated a willingness to work. As such, Mr. Blankenship respectfully asks that this Court weigh these factors in making its determination.

**B.   The Nature and Circumstances of the Offense Merit a Reduced Sentence.**

A substantially-reduced sentence is appropriate in this case. Here, the offense is aiding and abetting false representations on an ATF Form. As discussed above, the total offense

3

level is 15. Regardless, Mr. Blankenship's case involves no violence in and of itself, and, as far as anyone is aware, no violence as an indirect result.

Although Mr. Blankenship is guilty of – and takes full responsibility for – the instant offense, Mr. Blankenship has demonstrated that he is, and will continue to be, a productive member of society. In the end, Mr. Blankenship's conduct, although unlawful, can be characterized best as a lapse in judgment – a blemish, albeit a big blemish, on an otherwise clean track record dating back fifty-six years. For the reasons discussed above, an 18- to 24-month sentence of imprisonment would be unduly harsh in this case.[2] As evidenced by the character witness letters which will be submitted to the Court, "Bob" is considered to be a friend to many, a loyal family member, and an honest and hardworking member within his community.

### C. A Substantially-Reduced Sentence Would Still be Effective.

A substantially-reduced sentence would not be any less effective than a sentence within the guidelines.

1. Blankenship has strong support from both family and friends – as he is a lifelong resident of Logan, West Virginia – and he maintains close relationships with his family and members of his community.

2. Mr. Blankenship has been a lifelong resident of Logan, West Virginia, a place that has long been plagued by drugs and high unemployment. In contradiction, Mr. Blankenship has, until now, maintained steady employment and a clean criminal record. While Mr. Blankenship certainly deserves to answer for his actions, imprisonment would be doing him and his community a disservice by incarcerating an otherwise productive member of society.

---

[2] This is particularly true in light of the statistics available from the United States Sentencing Commission, discussed in detail in Part III(C), *infra*.

A felony conviction will forever be Mr. Blankenship's cross to bear, thus diminishing prospective employment opportunities. Gainful employment upon release from prison, however, will be all that more scarce. Imprisonment will undoubtedly result in a loss of his pending application with the Hatfield & McCoy Trail.

3. As evidenced by the character references which will be submitted to the Court, Mr. Blankenship is a respected member of his community. The stigma that this offense carries has caused, and will continue to cause, Mr. Blankenship great embarrassment.

4. A reduced sentence also would be more in line with the departures courts actually make when sentencing for this offense. In the fourth quarter of FY2015, only 47.5 percent of overall sentences were within the sentencing guideline range.[3] 28.7% of the sentences were below the guideline range when government sponsored. 24.1% of overall sentences were below the sentencing range even without government sponsorship.

The appropriate guideline for 18 U.S.C. § 924(a)(1)(A) offenses is found at U.S.S.G. § 2K2.1. Specific to § 2K2.1, in the last quarter, only 54 percent of such sentences were within the guideline range. Moreover, of the 5,286 cases guided by § 2K2.1, a total of 1,116 of those cases received sentences below the suggested guideline range. Mr. Blankenship is eligible for one to five years of probation because the offense is a Class D Felony. 18 U.S.C. § 3561(c)(1). As such, probation is an appropriate sentence for Mr. Blankenship under the facts of this case and is consistent with other courts' practice.

**IV. Conclusion**

For the reasons discussed above, Mr. Blankenship respectfully requests that this Court impose a sentence well below the guideline range in this matter.

---

[3] U.S. Sentencing Comm'n, Quarterly Data Report (Dec. 23, 2015)

5

7940207.1

Respectfully submitted,

BOBBY D. BLANKENSHIP

By Counsel

   */s/ Diana Leigh Johnson*
Diana Leigh Johnson, Esq. (WVSB # 7466)
BOWLES RICE, LLP
600 Quarrier Street
Charleston, West Virginia 25302
(304) 347-1100
djohnson@bowlesrice.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I, Diana Leigh Johnson, hereby certify that on this 10th day of March, 2016, I filed the foregoing Defendant's Sentencing Memorandum with the Court, using CM/ECF, which will cause notification of such filing to be sent to the following CM/ECF participant:

>Jennifer Rada Herrald, Esq.
>Assistant United States Attorney
>Post Office Box 1713
>Charleston, West Virginia 25326

>*/s/ Diana Leigh Johnson*
>Diana Leigh Johnson, Esq. (WVSB # 7466)
>BOWLES RICE, LLP
>600 Quarrier Street
>Charleston, West Virginia 25302
>(304) 347-1100
>djohnson@bowlesrice.com
>*Counsel for Defendant*

7

7940207.1